90 So.2d 906 (1956)
INTERNATIONAL COMPANY, Inc., a Florida corporation, Appellant,
v.
The CITY OF MIAMI BEACH, a municipal corporation duly organized and existing under the laws of State of Florida, and David Topp, as Zoning Inspector of the City of Miami Beach, Florida, Appellees.
Supreme Court of Florida. Special Division B.
November 28, 1956.
Patton & Kanner, Miami, for appellant.
Ben Shepard, Miami, and Joseph A. Wanick, Miami Beach, for appellees.
THOMAS, Justice.
The appellant owns a tract in the City of Miami Beach on which are located two hotels and an apartment building, and also a parking lot, cabanas, and swimming pools for the use of its patrons. In the hotels are cocktail lounges and in one of them a coffee shop.
This litigation was precipitated by the action of an inspector of the Zoning Department when he ordered the appellant to remove or change the language of a sign displayed by the appellant near the sidewalk at the entrance to the hotel. In his decree the chancellor held that maintenance of the sign constituted a violation of Sec. 5 of Ordinance No. 289 and that the pertinent provisions of the ordinance were constitutional. He dismissed the bill of complaint by which the appellant sought an injunction against interference by the city with its use of the sign.
Under the ordinance, which is a comprehensive regulation of zoning in the city, coffee shops and cocktail lounges are expressly permitted as "accessory uses" for tenants of hotels but only when they have no entrances from the outside of the building. The reason for the restriction is obvious. In the district where appellant's property is located, buildings may be erected only for use as hotels and as multiple family dwellings or apartments, with accessory buildings. We have upheld zoning generally in the Miami Beach area where the principal consideration was aesthetics on the showing that because of the very nature of the place restrictions that had no relevancy to health, safety and morals, could be imposed because the general welfare of the community depended upon preserving its beauty. City of Miami Beach v. Ocean & Inland Co., 147 Fla. 480, 3 So.2d 364.
Under Chapter 9837, Laws of Florida, Sp.Acts of 1923, the City of Miami Beach was granted authority which, of course, must be exercised within constitutional limitations, *907 to designate what areas should be limited to residential use and what to commercial use. By placing appellant's property in the former category, its use for commercial purposes at once became inhibited.
One of the principal purposes of Ordinance No. 289, supra, was the preservation of the attractiveness of the city, which could be done so long as the restraints imposed did not constitute deprivation of property without due process of law by an improper exercise of the police power.
But in resolving the conflict of police power versus property rights in the present litigation, we do not have the simple question whether or not, the accessory uses we have described being legal, the appellant may maintain the offending sign.
The hotel business is properly conducted at the location, but the accessory uses were approved only as incidents to the hotel as accommodation of its guests. Each of the accessory uses could be independent businesses and legally operated in a commercial area. None of them could be independently operated in the area where the hotel is located.
The sign occupies a prominent position in front of the hotel. It extends inward from the inner edge of the sidewalk and rests on top of a wall so that it is visible for a considerable distance. In bold letters and figures passers-by may see "3-Hours Free Parking" and in words less conspicuous "Coffee Shop," "Cocktail Lounge," "Dining Room," and "Leave your car at front door with attendant." In the center of the sign appear the name of the hotel and the words "`Patrons Only.'"
It seems to us that the effect, if not the purpose, of the sign is to attract persons who are not guests of the hotel and to create patronage the same as if the cocktail lounges and coffee shop were independent commercial enterprises. As we construe the sign it transforms accessories into principals and, if allowed to exist, will serve as an instrument to circumvent and undermine the zoning regulations.
We think the chancellor correctly decided the case and the decree is therefore 
Affirmed.
DREW, C.J., ROBERTS, J., and OGILVIE, Associate Justice, concur.