305 So.2d 281 (1974)
CITY OF MIAMI BEACH, a Florida Municipal Corporation, Appellant,
v.
Hyman UCHITEL, Appellee.
No. 74-645.
District Court of Appeal of Florida, Third District.
December 31, 1974.
*282 Joseph A. Wanick, City Atty., Sibley, Giblin, Levenson & Ward, Miami, for appellant.
Katz & Merritt, Deerfield Beach, Harvey J. St. Jean, Miami Beach, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
The City of Miami Beach, defendant in the trial court, seeks review of an adverse final judgment in an action for declaratory and injunctive relief.
Hyman Uchitel, the plaintiff-appellee, owns and operates a restaurant in a large apartment building on Miami Beach, located in a district zoned for hotel, apartment house and apartment-hotel use only. Mr. Uchitel began advertising his restaurant in the newspaper and on television, whereupon the City of Miami Beach issued zoning violations against him, alleging the operation of an improper commercial use in a residential zone. Uchitel then filed a suit in the circuit court for injunctive and declaratory relief in order to procure a decree declaring his restaurant operation to be in accordance with Zoning Ordinance No. 1891 of the City of Miami Beach, which permits "accessory use," but prohibits "commercial use."
The court found that Mr. Uchitel was not in violation of the zoning ordinance because its provisions do not prohibit advertising to the public by means of television or newspaper, and enjoined the City of Miami Beach from further prosecution of Uchitel for violations of the zoning ordinance arising from advertising to the public.
On appeal, the City of Miami Beach argues that the City's zoning ordinance provides for two types of uses, namely residential and commercial, and that a restaurant may be maintained as an accessory use in an apartment-residential district for the primary use and convenience of tenants, but such restaurant is not permitted to advertise its existence to the public, thereby holding itself out as a commercial restaurant.
In International Company, Inc. v. City of Miami Beach, Fla. 1956, 90 So.2d 906, the Florida Supreme Court held that although the zoning ordinance expressly permits cocktail lounges and coffee shops in residential areas of Miami Beach as accessory uses, a prominent sign outside the building would not be permitted. The effect, if not the purpose, of the sign would be to attract persons not residents of the building or guests of the hotel and create patronage as if the coffee shop or cocktail lounge were an independent commercial enterprise.
For these same reasons, we hold that television and newspaper advertising transformed Uchitel's restaurant from an accessory into a principal use. In his work on Zoning (Second Edition), Basset states at page 100, that "Many ordinances have elaborate statements regarding accessory buildings and uses, but they can usually be reduced to a prohibition of business ..." Uchitel accepted the conditions of the accessory use and he cannot now, by circumvention, undermine existing zoning *283 regulations and create a commercial establishment.
The economy of the City of Miami Beach is based upon the careful preservation of its residential areas. Enormous amounts of capital have been expended in the construction, operation and maintenance of hotels and apartments within the City on the basis of the distinction in the City's Zoning Ordinance between hotel and apartment areas and business or commercial districts. Uchitel's suit seeks to destroy the distinction between the two.
For the reasons stated, the judgment hereby is reversed.
Reversed.